Okay, before we start running the clock, Mr. Woodford, I have a question for you, and that is that the blue brief and the joint appendix are designated as confidential. I'm not sure I understand what could be confidential in this, since we're talking about claim construction that is all based on intrinsic evidence, which intrinsic evidence is a public document, or publicly accessible documents. Is there any limitation on what we can discuss during this oral argument? The reason that it's marked that way is not really having anything to do with the information that you describe. It has some more to do with product information that is referenced from TCS and Verizon. So we, of course, have no objection to talking about that openly in court. I guess I would perhaps direct the question to TCS. Yeah, maybe we should direct that to you. The red brief wasn't marked confidential. That's correct, Your Honor, and what appellant's counsel is referring to would be the stipulation of non-infringement on appendix 35 through 39, and that was not marked confidential. That was delivered to the court. So we're fine. So we're wide open? Okay, thank you. All right, now, you want five minutes for rebuttal? Yes, please. Okay, now you may begin. Well, good morning. I may have pleased the court. This is the second claim construction appeal in this case, and as it did with two claim terms in the first round of appeals, we have a district court that added a negative limitation, this time to the term dispatch, which requires that the dispatch specify vehicle destinations exclusively. And so what that dispatched computer in the claims. All right, you focus on that word exclusively. It's a great length, but it seems to me that the dispute here is really narrower. I mean, isn't really the question whether, forget where else it could come from, that it can't come from the vehicle's mobile unit? Yes, that is where this all originated from, because the way that, and maybe it helps to The way the accused products work is that the mobile unit, so the app, basically, the user indicates a desired destination. That goes back to the server, which we have said is the dispatch. Right, that's the accused product. And then the dispatch will generate this destination information, which includes the destination, of course, and then sends that whole package back. Right, I understand. So what you were, but a lot of your brief is on the fact that it can't really be exclusive because we've got this host component, or maybe there's a third party who designates to the dispatch where the vehicle should go. So if, and your friend on the other side said, maybe we ought to just agree to take the word exclusive out of the construction, and then we'll get to what the real dispute is. And so, am I wrong that the real question we have here is whether or not this particular, this particular configuration, which is it comes from the vehicle's mobile unit, back to the server before the dispatcher sends out the information, that that's really the question of whether the claim is broad enough to cover that, right? That is the question, but the reason the district court had to use the word exclusively is because I think the district court felt that carving out, that it can come from external sources, like it describes in the patent, host, the driver in one instance, and then from third parties, inputs from outside the dispatch. If the district court were to have said, well, it can come from all of those sources, the only thing it can't come from is the driver, which, by the way, conflicts with an embodiment in the patent, that apparently that would have been going too far, perhaps, so that's why the district court, without anybody's prompting, just put the word exclusively in there to make it clear that these external sources, one of which would be the vehicle, the mobile unit, cannot be providing the idea or originate where the destination is. So I think that's how we've got here, because no one asked for the word exclusively. That is something that the district court did entirely on its own. What embodiment in the patent, where precisely in the patent are you pointing us to, to say that there is an embodiment that contemplates that the mobile unit in the vehicle identifies or specifies the destination? Sure. It is on column 11. What page of the appendix? That would be, that is page 76. All right, where? Down on line 58 in column 11. It starts out by saying that a feature of the present invention is that the operator of the vehicle may input information into the mobile unit 42 when it's at a destination. And then it talks about using input device 106, which, if you look at the figure, is a keypad that is attached to the mobile unit. Yeah, but isn't that just, you input it, I mean your friend on the other side is going to say that what that is, is actually just storing in memory that particular location once you've gotten there. For purposes of going back. Exactly. That's exactly what it's doing. It's your inputting the destination, it's being inputting destination information. But you're inputting a destination, which is a form of destination information. I don't know, I mean, you can read this, and I'm sure your friend's going to read it a different way, but it seems like this is already when the trip is in route, and you've already got the destination information from the dispatch. I don't read this as inputting a new destination. Well, let me go a little bit further down, and I think it will clarify. Let me read the whole section that I'm looking at. It says the operator may enter the position of the particular destination based upon the position of the vehicle determined by the mobile positioning receiver. The position of the destination may be stored in memory along with an identification of that destination. Dispatch can then use the accurate position for that destination in generating destination information for future trips. So I don't understand how that says that the mobile unit is actually identifying the future destination. It's still dispatch that's going to specify the destination, right? They both do. And I think maybe that's where some of this... I mean, that's saying for further destination generation from the dispatch, this will be helpful information. But they're not generating the destination for this trip or for that future trip. So there's two concepts here. There is the generation of destination information, but there's also where that idea originates for the destination. And so what happens is these other sources, including here it's stored in memory provided to the dispatch, that is given to the dispatch. Then the dispatch takes that information and generates destination information. And then that's sent to the mobile unit. Okay. Let's assume I don't agree with your reading of that. Let's look at, to go on to Judge Hughes' points, let's look at column 6. This is on the fact that this invention is designed to provide a time of arrival that's basically what its basic function. So if we look at column 6, and this is line 4 or 3, it says the factors used to calculate expected time of arrival, and I guess that means the factors are identified a little bit up, but what it means is weather, accidents, road closures, those factors may be provided to the mobile unit from dispatch or generated locally at the vehicle. Now, if you generate this, if you generate destination information and understanding generate to mean to create at the vehicle, then we're talking about the mobile unit, correct? I missed the last part of that question. If the information, destination information, or the factors that are used for destination information is generated locally at vehicle, that's what it says, locally at vehicle, we're talking about the mobile unit. Yes. Okay. Now, go back up to column 5, lines 54 at the beginning of that paragraph. There describes what destination information is, the factors that constitute destination information. So am I correct to say that these factors can also be generated locally at a vehicle? And what I'm picturing here is the truck driver to stop and say, well, the bridge has just washed out, I'm going to go around the bridge, I'm going to go down to this little town and back over there, and the driver can create a waypoint to get out of that particular situation. Is that correct? Is that understanding correct? That is correct. The claims do not exclude that and certainly the description allows for that to happen. The destination information is actually what is included in destination information is described on column 3. Is there a claim construction for destination information? There is not. Destination information includes destinations, of course, but then it includes waypoints, average travel speeds, it can include a whole host of things. The claims only require that destination information be generated by the dispatch and it only specifies that it include two waypoints. Does the destination information, and you can clear this point of confusion for me, destination information also includes, has to include, the destination itself, right? Like Cleveland. It doesn't, the claims do not require that. Remember, the irony of all of this is in the last appeal, it was about waypoints. And the district court, DCS and Verizon, said that the dispatch cannot specify the final destination. That was excluded from the construction. So that's how they read the specification previously. That got reversed. And now we're back and they're saying, well, okay, I'm reading the specification again and not only does the dispatch have to include the destination, which of course it can, but it has to do so exclusively. So that's where we've been in this case. The first time around... Did you just say that the last time around the district court said it couldn't generate the final destination or just that the final destination wasn't a waypoint? That the waypoints couldn't be a final destination. Right. Sorry, I misheard you. I thought you said that these claims, he interpreted them to say that this didn't generate the final destination. Clearly it generates a final destination. There was a dispute over whether a final destination was a waypoint or not. True. And it can. The claims do not require that it do the final destination. It just requires two waypoints, one of which can be the final destination. If just technically reading the claim language, that's how it's written. Did you ask the district court to construe or explain the term specify in its construction? We didn't because that wasn't really... That wasn't something that was brief. Do you think the word's meaningful? Well, it wasn't brief because you didn't ask for it to be brief, right? I mean, is the word specify meaningful to the construction? We think so. I mean, it specifies exclusively. Yes, we think that's meaningful to the construction. Do you read the word specify separate from the word exclusively to have any meaning? I believe so. I believe it does have a meaning. And what's your interpretation of the word specify? That it would identify, that it would indicate what the destination would be. Okay. You're into your rebuttal time. You want to reserve it? I will. Thank you. May it please the court. Let me just follow up that last question from Your Honor O'Malley. Specify does have meaning. It has meaning and specification. It has ordinary meaning and ordinary parlance of the use of that term. And that was the term we used in Apelli's proposed construction to the lower court. And it means in everyday parlance to specify is to state a fact or requirement clearly and precisely. And that's what the dispatch does. It receives inputs from sources, the patent talks about at the dispatch. There's a computer and a human user can input destination information. But what the patent's clear about is that the dispatch generates destination information and thereby specifies which vehicle will go to which destination. That's the whole point of a dispatch. The information that's inputted that you just described, that can be inputted at the local device too, correct? Or the mobile device? The patent talks about destination information distinct from any other type of information. So the patent talks about that a vehicle operator can input information into the mobile unit. It doesn't talk about the vehicle operator can input destination information. And you already discussed... The operator can input what? Well, I believe it was at Colony 11 where that's where the instance in the patent where it talks about the vehicle operator already being at a destination that was specified by the dispatch. Where that vehicle operator at that destination... Let's look at the citation that I pointed to your opponent. And this is back on 73 column 6. It says that the factors at the very top, line 2 and 3, the factors used to calculate expected time of arrival may be provided to the mobile unit from dispatch or generated locally vehicles. So it can be done two ways. The factors can be done two ways. They can either be provided to the unit or generated locally at the vehicle. If you generate locally at the vehicle, who's inputting that information? The patent doesn't say it can be. Well, somebody is. Sure, it says it right there, but there's a distinction. So if somebody's inputting at the vehicle, then it cannot be the case that the dispatch exclusively provides destination information. Is there a difference between destination information and calculation of arrival time? Absolutely. So let's just go back to column 3, which is appendix 72. And we'll just talk about the meaning of destination information starting in column 3, line... I believe it would be 8. My eyes are just... It says, well, column 7, destination information may be any information generated by dispatch that facilitates the control or monitoring of vehicle 10. It's clear. That information that's generated by the dispatch is destination information. Well, what if that's also the case? For example, look at line 18 there in column 3. The host generates destination information and transmits this over communication. So the host does. And the schematics in the patent show that the host is distinct from dispatch. But that's right. But that alternate embodiment talks about that the stated function of the dispatch and the stated function of the dispatch are column 2, line 66, to column 3, line 1. It says one function of dispatch is to generate destination information. So in the passage you referenced, Judge Reyna, it refers to an alternate embodiment where a host has been assigned to perform the stated function of the dispatch. It isn't the case that dispatch exclusively provides... There are other embodiments, correct? In the one I pointed out, even the mobile unit, you can generate destination information. That's what this says. Destination information from the mobile unit. Which passage are we referring to, Your Honor? Column 6, starting at line 2. The factors used to calculate. And above it's got the factors, time of arrival, fog, weather, accidents. Those factors used to calculate expected time of arrival may be provided to the mobile unit from dispatch. It may be, or it says, or generate locally at the vehicle. That's correct, but that is not the destination. The destination is specified by the dispatch. But what's important here... But is this destination information correct? Is your view that that's not destination information? Is the problem here we have no construction of what destination information is? Well, my view is that the patent says destination information is that information generated by dispatch. But that's not answering the question because I think that's true, that these lines at the bottom of page 5 and the top of line 6 talk about things that might be destination information and then they say they can be generated by the car. But you could also argue those are factors relating to time of arrival with specific destination information. And again, if we look at the clause in claim 1 of the patent, claim 1 is actual destination information specifying a plurality of waypoints. So if I'm reading that passage, it seems to me the better argument is destination information is specific waypoints and not expanded to factors like fog, delay, and stuff like that. We don't have any claim construction on destination information. That's correct. The issue for the court is the proper construction of dispatch and dispatch is at a base must specify the destination for the vehicle. I mean, I get what you're... As I understand it, your friend on the other side never even argued that this, that identifying the arrival time based on these other factors was relevant to specifying destination information. Is that right? Could you restate that, Your Honor? That the appellant never argued that these lines talking about calculating arrival time were relevant to the specification of the destination information. My understanding is that they did not because that is solely being... Well, they certainly don't in their blue brief here. They don't do it in their brief. This discussion about the mobile unit is the calculation at the mobile unit. What's important is it's not the mobile unit specifying the destination to the dispatch. The mobile unit has to use information to calculate an estimated time of arrival and it reports information back to the dispatch so that the dispatch can make decisions. It's controlling the vehicle. It's telling where the vehicle needs to go, how to get there. If there's changes along the route, that information is then conveyed to the dispatch so it can make a determination whether... Are you talking, for example, factors such as average speed of the vehicle, the time of day given which the vehicle is traveling, weather, travel conditions, prior travel, other information impacting... That's destination information, correct? Those are all examples of destination information. Those are the factors. The patent says these are the factors that are used to determine destination information. Those are the factors used to determine estimated time of arrival. What's destination information... That's what this whole patent is about, estimated time of arrival, and that's why you have destination information. Well, no, the patent's not all about estimated time of arrival. That's one factor. It's a claimed system. The whole point of the patent is vehicle fleet management. It's dispatch-based vehicle fleet management, including the improvement to prior dispatch systems is this estimated time of arrival limitation. That's not the invention. The invention is the claimed system. It's a claimed method to get a vehicle to a specified destination and then allowing the vehicle to calculate estimated time of arrival so that could be fed back to the dispatch if that vehicle's going to be late. So the mobile unit generates also late information, and that late information is communicated back to the dispatch so the dispatch can make a determination whether the vehicle needs to go to another destination or make calls to customers. But the fundamental construct of what a dispatch is, there's an ordinary parlance for dispatch. I guess I was just referring to, for example, the abstract, the first sentence says, this is a system for determining an expected time of arrival of a vehicle equipped with a mobile unit. Then it goes on and talks about generation of destination information, but all the destination of information ultimately is designed to do is to give this estimated time of arrival. But assuming that there's more, I think your opponent did say that there's other embodiments, and he pointed to some in the patent. The other one was on Column 11, if I read correctly. And those also have other destination information coming from sources other than the dispatch. And that's what we're looking at here. I mean, the construction here, the claim construction problem is that the court inserted the word exclusive. And nobody argued that. It's not found in the patent. And it does matter because now the claim has been limited to say that only nobody else, no other source, can provide destination information. But the patent belies that. Well, let me address then that concern of yours. In the abstract, which you referenced to, it goes on to state that the dispatch generates destination information for the vehicle. The destination information specifying at least one destination. That's at least what it has to do. Now, can you go... Can you explain to me the relationship between the host and the dispatch? Oh, that's in Column 3 of the patent. And that just talks about where... In Figure 5? Column 3, and it's associated with Figure 1 and Figure 2. Oh, Figure 1, I'm sorry. Column 3. That just talks about alternate embodiments where the functionality of the dispatch can be distributed amongst other hosts. And these hosts are also remote from the mobile unit. They talk about... So in your view, those are essentially dispatches. Those would not be disqualified under the district courts? That would not be. You are correct, Your Honor. If it has the function of a... Then you have a host and a dispatch? Well, in that embodiment that's described, it talks about the dispatches no longer generating destination information specifying a destination, and that's assigned to the host. In that case, that host is the dispatch. And the host is acting as the dispatch in those circumstances. And I want to talk about exclusivity since you raised it. Judge O'Malley framed the issue correctly. What was before the court in the briefing, the issue was framed. What is the relationship between the mobile unit and the dispatch? Does the mobile unit specify the destination to tell where they want to go themselves, or does the dispatch tell the vehicle where the vehicle must go? And that was the issue before the court, and that was the issue that was argued before the court in the claim construction. And for the first time at oral argument, appellants raised the issue, you know what, even under appellee's proposed construction, we still believe there's infringement. And because of that, that's why we believe Judge Stark then wanted to emphasize the point, hey, if between the mobile unit and the dispatch, it's exclusively the dispatch. When you look at it in context, that's what it meant. But shouldn't his construction then have said the dispatch as distinct from the mobile unit? We thought our construction is consistent with his. It would be as between the mobile unit and the dispatch, it is the dispatch that specifies the destination. Could a third party, like say Uber, could a third party specify a destination and then the dispatch generate it? No, I disagree. The patent's clear. When the dispatch or even the host generates destination information, that results in the specification. It distinguishes inputting destination information, because there's a clause in Column 12 talking about Figure 6, which is the dispatch, it says destination information can be input into the controller of the dispatch. And then it talks about then the dispatch generates destination information, thereby specifying a destination. Why? Because the dispatch's purpose is to control and supervise vehicles. It receives inputs. Those inputs can be the dispatcher receiving calls from customers, and then that dispatcher inputs it into the system so that the next day's service calls will then be directed by the dispatch. That's the point of the dispatch. Yes, it will receive inputs, but the dispatch makes the decision of which vehicle goes where. That's the whole point of this invention. And when the host is doing it, it's still generating the same information and sending it over the same signals? In Column 3, it talks about that at one point the host can perform the stated function of the dispatch, which is to generate destination information. And in that instance, it talks about the host, if it generates a destination information, specifying the destination, that is then collected by the dispatch, so the dispatch does not generate it, and then rerouted to the mobile unit. Is the host and the dispatch, can they be distinct? You've got to look at the functionality. If we look at Figure 1 and Figure 2 and Figure 3, we see a dispatch and a host, and from those figures, they're performing the same function. Well, no. The description corresponding to those figures state what functions are being performed. When we look at the description, and this takes us back to your Column 3, it talks about the host, and for example, Column 3, Line 18, host 25, and that's the host in those three figures that I mentioned. It generates destination information and transmits this information, so now we have a host generating, not only the driver or the mobile unit can generate, this is under Column 6, but under Column 3, now we also have a host generating. And I'm only pointing this out because the district court construed, made a construction here that uses the word exclusively, and that means nobody else can generate destination information other than dispatch, and the patent belies that, at least I think it does, and that's why I'm asking you so you can help clarify this. Sure, but you have to read the court's construction in context of his order. In context of his order, he was resolving dispute as what generates the— What legal authority is it to review claim construction? We have to read it in the context of an order. Well, you're addressing the concern about exclusively, and that was the issue. As between the mobile unit and dispatch, it is the dispatch that exclusively specifies the destination. With reference to Column 3— Well, I think the district court could have alleviated that problem differently other than just using the word exclusively. Do you agree? We believe Pelly's proposed construction without exclusively is consistent with his. He said in his order he wanted to emphasize the point because the issue does come down to does specifying— Did you think he needed to emphasize the point? I felt he didn't need to. Our construction, Pelly's construction, is consistent with using the exclusively, but after hearing Drew Noller's argument that appellants felt there was still going to be infringement even under Pelly's proposed construction, he knew this was not going to go away, and he had to have it resolved. Now, that's my reading to— Can I ask you this a different way? I mean, I see a little bit of the problem with inserting the word exclusively in here because it seems like, taking it out of context, it has a different meaning than the district court intended, but we do claim construction to no vote, generally, unless we have extrinsic evidence, which I don't think we have here. If we understand that the whole point of this is, and we agree that this claim is talking about the destination information not being inputted from the vehicle, but allowing it to be inputted from either a dispatch or a host acting in dispatch, can we come up with our own modified claim construction, or just read his as doing that? Or do we need to send it back? Because it seems to me that that's the issue. I don't think that there's any real doubt that the district court was getting at excluding all these other stated embodiments. He was looking at the question of, can the initial destination information be inputted at the vehicle? And that's what he wanted to avoid. There may be some dispute about whether the claims allow that or not. I get that, but if we agree with him that the destination information isn't inputted at the vehicle, then what's the proper claim construction to do that that doesn't rely on what seems to be an overly broad sense of exclusion? Sure, so I guess I do want to, at least my position is, inputting is distinct from specifying. That is a clear distinction that's described in the PAD. Inputting information, and it just talks about the dispatch, destination information is input into the dispatch, the controller, and it's the dispatch that generates, thereby specifying. Now, yes, it is to no overview, but you're applying to no review. Is there an ordinary meeting? We submit there is ordinary meeting, and that ordinary meeting is as we propose below to the court. But I think your answer to Judge Hughes is that we can modify the construction to take into account what the actual implications of the construction were, because you've even proposed that we could take the word exclusively out, right? I'm saying it's consistent. I'm saying the same thing you are, that what we both think the district court did, but it doesn't seem like his language matches up with what he intended. I see your point, Your Honor, but I also believe that you can also affirm the finding of non-infringement. But I did want to address this alternate embodiment because we're way off. Could I just refer to this lines 30 to 32 of column 3? It says, for clarity, this description will focus primarily on the functionality of dispatch 20, but it is understood that the host can't perform some or all of the functions performed by the dispatch. The whole point is you know what a dispatch by the functionality that it performs. Call a dispatch a lemon, a lime.  It's called a dispatch. So if a host is performing functionality of a dispatch, that host is a dispatch under the claimed invention. Okay. All right. We'll give you the full five minutes for rebuttal. We'll restore some since we went over with him. But let me start where Judge Hughes ended on that point, which is if we were to conclude on a de novo review of this claim construction, because there is no extrinsic evidence, that the appropriate claim construction is that as between the mobile unit and the dispatch, only the dispatch can specify the destination information, then there still would be no infringement, right? If your construction says that the idea. That's right. The mobile unit can't be the one that specifies. That gives the idea. The idea of where the destination would go, then yes. Then you'd still have to stipulate an infringement. Yes. I believe so under that reading. Okay. Go ahead. I feel like we're hearing talk about this is a fleet management patent. We're getting so far from the claims and so far from what the invention was. I mean here, the way the claims are written, the inputs to the dispatch are not mentioned and don't matter. Where the idea comes from with respect to the destination is not claimed. It doesn't care. It doesn't matter. There's examples in the patent where it comes from the host in column three. This is important, I think, to answer the question that was just raised. The language is very important here. This is in column three. It says, the dispatch collects destination information from several hosts. What line are you in? I'm on line 20. Transmits this information to vehicles. This is a situation where you have dispatch and you have lots of companies in this situation where they're using the same dispatch and they're all sending information. It says, therefore, dispatch can generate destination information or route destination information generated by hosts. The hosts generate it and so does the dispatch. This term generation is not- There's nothing in the patent that defines host to include the mobile unit. True. The host is not the mobile unit. I find this host argument not very useful, frankly, because it doesn't seem to be addressing the same question. I don't understand why those are different than vehicles. If you have a vehicle that is capable of both doing everything and generating its own destination information, what you're essentially saying is that the vehicle generates where it's going to go, tells the dispatch all of that information, and the dispatch just sends it right back. That seems to me to be a completely illogical reading of the way this patent is written and what it's intended to do. It's providing a central location to tell vehicles based upon a variety of inputs, some of which can come from the vehicle, where to go and what their estimated time of arrival is. The language in Claim 1 specifically says that destination information specifies waypoints and that that comes from the dispatch. Right. I actually agree with what you're saying, and here's why, though, because it doesn't just parrot back the destination. You give the dispatch the destination. It provides a whole package of information that must include the waypoints. But as Judge Reyna was talking about, it includes all these other things to determine as well. So for me to, for us to agree, well, let me just, your definition then of destination information then is far broader than waypoints. Yes, and that's based on the patent and based on Claim 5. Claim 5, it says destination information includes weather and traffic, so it necessarily has to be. We're deviating so far from the claim language here in this discussion. But you did not argue in the blue briefs here, and I don't remember seeing it below, that the factors that go into calculating arrival time equates to specifying destination information. Right? You never made that argument. That's never been a disagreement in the case. It's never been an issue. Right, you never made the argument. You never made the argument that somehow that equates to specifying destination information. Right? I'm not sure I understand. You didn't cite the information in Columns 5 and 6 in support of your construction, did you? Well, I think that information is in Claim 5, which is asserted in this case. It's a dependent claim that talks about weather and traffic, the destination information including weather and traffic. So that was asserted in this case, and that gives indication from the claim language that it's broader than just waypoints. Let me ask you a question. Suppose a truck driver is coming down 9 o'clock. He hits the beltway, and he's supposed to go. The unit's telling him, go to your right, go around Reston, Virginia, and all of that. And he looks over there, and all he sees is red lights, and he sees smoke coming out of, you know, down over there. And over here on the left, he goes around this way. Then up by Highway 50, he sees it's free and clear. So he decides, I'm going to go this way because I know I'm going to end up being in the same place. Once he does that, then I'm assuming that the dispatch begins picking that up, the location of that. Has he created a new waypoint at that point, at that time? I don't know if he's created a new waypoint in the system, meaning it's been entered into the mobile unit, but certainly those are different waypoints than what would have been suggested. So then now the dispatch begins to recalculate time of arrival and, you know, other things like that, and saves that for the future. It can. Okay. I believe I'm over my time. Thank you very much. Any last words? Well, I mean, I think the last word would be that really getting back to the claim language, Claim 5, and ignoring inputs and looking at the fact that the dispatch creates outputs for the mobile unit, I think that is the key to answering a lot of these questions about the dispute. Okay, thank you. Thank you very much.